**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

THEREASA L. SMITH                                                          PLAINTIFF
ADC #717744

v.                                            3:20-cv-00390-DPM-JJV

NURZUHAL FAUST; *et al.*                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

## I.      INTRODUCTION

Plaintiff Thereasa L. Smith ("Plaintiff") sued the McPherson Unit of the Arkansas Division of Correction, Warden Nurzuhal Faust, and unidentified medical employees ("Doe Defendants") in their official capacities only. (Doc. No. 1 at 1-3.) Plaintiff complains after testing negative for Covid-19 before her incarceration at the McPherson Unit and for some period after, she

ultimately tested Covid-19 positive.  (*Id*. at 5.)  She explains that she suffers from underlying conditions, and says there is no room to quarantine.  (*Id*. at 10.)  Plaintiff also alleges insufficient masks and says officers are not wearing masks and not washing hands frequently enough.  (*Id*. at 10-11.)  She complains generally that she feels her time at McPherson is like a death row sentence. (*Id*. at 12.)  And she says she is Covid-traumatized.  (*Id*. at 36.)  Plaintiff seeks compassionate release and damages. (Doc. No. 1 at 6, 7, 9.)

As explained in detail below, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## II.    SCREENING

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."  *Id*.  But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d

1334, 1337 (8th Cir. 1985).

### III.   PLAINTIFF'S COMPLAINT

As a part of the screening process, on December 11, 2020 I notified Plaintiff that her Complaint, as currently pled, failed to state a claim upon which relief may be granted.   (Doc. No. 9.)   I also explained to Plaintiff the deficiencies in her Complaint.   (*Id*. at 4-5.)   Plaintiff was given thirty (30) days to cure the Complaint's defects by filing a superseding Amended Complaint; a blank 42 U.S.C. § 1983 was mailed to her.   (*Id*. at 8.)   Plaintiff was cautioned that if she did not file an Amended Complaint within thirty (30) days, her Complaint could be dismissed without prejudice.   (*Id*. at 6, 8.)   Plaintiff has not filed an Amended Complaint and the time for doing so has passed.

Plaintiff's Complaint is deficient.   Plaintiff sued the McPherson Unit, but the McPherson Unit is not an entity subject to suit under 42 U.S.C. § 1983.   *See Da La Garza v. Kandiyohi Cty. Jail, Corr. Inst*., 18 F. App'x 436, 437 (8th Cir. 2001).   Accordingly, Plaintiff's claims against the McPherson Unit fail.

Plaintiff sued Defendants in their official capacities only and identified all individual Defendants as ADC employees.   Plaintiff asks for damages and to be released from the McPherson Unit on compassionate grounds.   Plaintiff's damages claims are barred by the Eleventh Amendment.   *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).   Further, Plaintiff's request for compassionate release from the McPherson Unit cannot be granted in this § 1983 action; that relief is available only through a writ of *habeas corpus. See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Plaintiff was advised of the deficiencies in her Complaint and I explained to Plaintiff what to include in an Amended Complaint if she wished to file one.   Plaintiff, however, opted not to

file an Amended Complaint.   The Court notes that Plaintiff did file a Notice, noting "Amended Complaint" on the second page.   (Doc. No. 16 at 2.)   But nothing in that filing saves Plaintiff's claims.   Accordingly, her Complaint should be dismissed for failure to state a claim on which relief may be granted for the reasons set out above.

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.      Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 26th day of January 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows:   "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."