IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| THEREASA L. SMITH | * | |
| ADC #717744 | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 3:20-cv-00390-JJV |
| | * | |
| NURZUHAL FAUST, | * | |
| Warden, McPherson Unit, *et. al* | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**[1]

**I.    DISCUSSION**

Thereasa L. Smith is a prisoner in the McPherson Unit of the Arkansas Division of Correction ("ADC"). In January 2021, she filed a *pro se* Amended Complaint and Supplement that were lengthy (a total of 327 pages), confusing, and raising numerous constitutional claims under 42 U.S.C. § 1983. (Docs. 20, 23.) During screening mandated by 28 U.S.C. § 1915A, the Court concluded Plaintiff pled the following plausible claims:

(1) around November and December 2020, Nurse Judy Baiza failed to provide her with constitutionally adequate medical care for asthma and Covid-19 symptoms;

(2) around January 2021, Nurse Baiza failed to provide her with constitutionally adequate medical care for high blood;

(3) on several occasions, Nurse Baiza subjected her to unconstitutional conditions of confinement by failing to properly wear a mask to prevent the spread of Covid-19 while she was in close contact with Plaintiff; and

(4) around January 2021, Nurse Claire Garoutte subjected her to unconstitutional conditions of confinement by returning to work when she still had Covid-19 symptoms and did not wear a mask.

---

[1] On June 1, 2021, the parties consented to proceed before me. (Doc. 52.)

(Doc. 27 at 10, 12; Doc. 30; Doc. 35.) The Court also found a plausible claim against Security Officer Isaac Tate, but that claim was later dismissed without prejudice due to a lack of exhaustion.[2] (Doc. 60.) In contrast, Defendants Garoutte and Baiza did not move for summary judgment on the exhaustion issue.

Instead, Defendants Garoutte and Baiza have recently filed a Motion for Summary Judgment arguing they are entitled to judgment as a matter of law. (Docs. 65-67.) Plaintiff has filed a Response. (Doc. 68.) As it now stands, there are several problems with the parties' pleadings.

First, the parties are confused as to what claims remain in this case. Defendants argue "Plaintiff was treated appropriately in regards to Covid-19, rheumatoid arthritis and eyesight." (Doc. 66 at 3.) However, the care Plaintiff received for arthritis and her vision from non-parities is not part of this lawsuit. And, Defendants have not addressed Plaintiff's claims regarding the medical care she received from Defendant Baiza for asthma or high blood pressure. Similarly, Plaintiff's Response lists the medical care she received from numerous ADC officials for seventy-five different medical problems. (Doc. 68.) **As previously explained, the only claims remaining in this case are the four specific claims against Defendants Baiza and Garoutte that are listed above.**

Second, although Plaintiff's inadequate medical care and conditions of confinement claims both fall under the Eighth Amendment, they involve different elements of proof. *Compare Allard v. Baldwin*, 779 F.3d 768, 771-772 (8th Cir. 2015) (elements of an inadequate medical care clam)

---

[2] All other claims and Defendants have been dismissed without prejudice. (Doc. 27; Doc. 30; Doc. 35.)

with *Kulkay v. Roy,* 847 F.3d 637 (8th Cir. 2017) (elements of a conditions of confinement claim). Thus, Plaintiff's inadequate medical care claims regarding the treatment she received for Covid-19 symptoms, asthma, and high blood pressure are significantly different from her conditions of confinement claims regarding Covid-19 precautions.

Third, Defendants say they are entitled to summary judgment on Plaintiff's inadequate medical care claims based on the medical records alone, without a supporting affidavit from an expert explaining whether the care described in those records was medically appropriate treatment. *See Redmond v Kosinski*, 999 F.3d 1116 (8th Cir 2021 ("medical treatment may so deviate from the applicable standard of care as to evidence a physician's deliberate indifference" and "whether such a significant departure from professional standards occurred is a factual question requiring expert opinion to resolve"); *see also Cejvanovic v. Ludwick*, 923 F.3d 503, 508 (8th Cir. 2019) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that he did not feel he received adequate treatment").

Fourth, Defendants say Plaintiff did not suffer from any objectively serious medical needs because her "chronic conditions were continually and carefully monitored." (Doc. 66 at 4.) But that confounds the two elements of an inadequate medical care claim. An objectively serious medical need, which is the first element, is "one that has been diagnosed by a physician as requiring treatment or one so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *De Rossitte v. Correct Care Sols., LLC.*, 22 F.4th 796, 802 (8th Cir. 2022). I think it is clear that asthma, Covid-19, and high blood pressure squarely fall into this definition, and that instead, the material issue in this case is the second element; *i.e.,* whether Defendants were, subjectively, deliberately indifferent in the way they treated those conditions.

Fifth, Defendants argue they are "immune from liability as to any allegations related to COVID-19" under the Arkansas Emergency Services Act (Ark. Code Ann. §§ 12-75-102 and 128) and Governor Hutchinson's Executive Orders 20-03 and 20-34.  (Doc. 66 at 8.)  I find this argument fails for the reasons explained by the Honorable Kristine G. Baker in *Frazier v. Graves,* No. 4:20-CV-00434-KGB, 2021 WL 4502150 at *11 (E.D. Ark. Sept. 30, 2021) (unpublished opinion).

Finally, Plaintiff's Response does not include a supporting Brief or a separate Statement of Disputed Facts.  *See* Local Rule 7.2(b) ("Within fourteen (14) days from the date of service of copies of a motion and supporting papers, any party opposing a motion shall serve and file with the Clerk a concise statement  in opposition to the motion with supporting authorities"); *see* Local Rule 56.1(b) and (c) (in addition to a response, a party opposing summary judgment must file "a separate, short and concise statement of the material facts as to which it contends a genuine dispute exists to be tried" and all "material facts set forth in the statement filed by the moving party . . . shall be deemed admitted unless controverted by the statement filed by the non-moving party").  Plaintiff's Response is mostly a group of exhibits with little argument or explanation of what facts are disputed.  To properly respond to a Motion for Summary Judgment, Plaintiff must file a:  (1) Brief explaining why Defendants' arguments for dismissal are incorrect; and (2) Statement of Disputed Facts explaining whether she agrees or disputes <u>each</u> of the <u>individually numbered</u> paragraphs in Defendants' Statement of Undisputed Facts.[3]  This will help me determine where

---

[3]  If Plaintiff disputes a specially numbered fact, she should explain why and cite the evidence (by docket and page number) that supports her position.  For example, her Statement might look something like this:
    1. Admitted.
    2. Disputed.  On January 1, 2020, I did not receive my blood pressure medication.  *See* Doc. 99 at 4.

4

the parties disagree and if those disputes must be resolved by a jury.

For these reasons, I conclude Defendants Baiza and Garoutte have not, at this time, sustained their burden of proving they are entitled to judgment as a matter of law. However, now that the relevant claims and issues have been clarified, Defendants, if they so choose, may refile their Motion, and Plaintiff may file a proper Response. *See* Fed. R. Civ. P. 56(f) (allowing a court to grant summary judgment on its own or on matters not raised by the parties after giving notice and a reasonable time to respond).

## II. CONCLUSION

IT IS, THEREFORE, ORDERED that

1. Defendants' Motion for Summary Judgment (Doc. 65) is DENIED without prejudice.

2. Defendants, if they so choose, may refile their Motion for Summary Judgment **no later than April 1, 2022.**

3. Plaintiff's Response is due **fourteen days** after Defendants refile their Motion for Summary Judgment, if they choose to do so.

DATED this 28th day of February 2022.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE