IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

THEREASA L. SMITH                     *
ADC #717744                           *
                                      *
                 Plaintiff,           *
v.                                    *          No. 3:20-cv-00390-JJV
                                      *
NURZUHAL FAUST,                       *
Warden, McPherson Unit, *et. al*      *
                                      *
                 Defendants.          *

## MEMORANDUM AND ORDER[1]

I.      INTRODUCTION

Thereasa L. Smith is a prisoner in the McPherson Unit of the Arkansas Division of

Correction.  She has filed a *pro se* Amended Complaint and a Supplement, pursuant to 42 U.S.C.

§ 1983, alleging Defendants former Health Services Administrator Judy Baiza and dental hygienist

Claire Garoutte violated her Eighth Amendment rights.   (Docs. 20, 23.)  Specifically, Plaintiff

claims: (1) Defendant Baiza denied her constitutionally adequate medical care for Covid-19,

asthma, and high blood pressure; and (2) Defendants Baiza and Garoutte subjected her to

unconstitutional conditions of confinement by failing to take adequate Covid-19 precautions.  (*Id*.)

As relief, Plaintiff seeks monetary damages.  (*Id*.)  All other claims and Defendants have been

dismissed without prejudice.  (Docs. 30, 60, 69.)

Defendants have filed a Motion for Summary Judgment arguing they are entitled to

dismissal as a matter of law.  (Docs. 71-73.)  Plaintiff has filed a Response that includes a request

for summary judgment in her favor.  (Docs. 78, 79.)  After careful consideration and for the

---

[1] On June 1, 2021, the parties consented to proceed before me. (Doc. 52.)

following reasons, Defendants' Motion for Summary Judgment is GRANTED, Plaintiff's imbedded request for summary judgment is DENIED, Plaintiff's claims against Defendants Baiza and Garoutte are DISMISSED with prejudice, and this case is CLOSED.

## II.     SUMMARY JUDGEMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.    INADEQUATE MEDICAL CARE CLAIMS

"The Eighth Amendment requires state prison officials to provide inmates with needed medical care." *Cullor v. Baldwin*, 830 F.3d 830, 836 (8th Cir. 2016).  To defeat summary judgment

and proceed to trial on her Eighth Amendment inadequate medical care claims, Plaintiff must have evidence: (1) she had an objectively serious need for medical treatment for Covid-19, asthma, and high blood pressure; and (2) Defendant Baiza subjectively knew of, but deliberately disregarded, that serious medical need. *See Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021); *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). Defendant Baiza does not contest the first element. Thus, the issue is whether there is evidence Defendant Baiza was deliberately indifferent to Plaintiff's medical needs. Deliberate indifference is a high threshold that goes well beyond negligence or gross negligence. *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010). To establish deliberate indifference, there must be evidence prison officials "recognized that a substantial risk of harm existed <u>and</u> knew that their conduct was inappropriate in light of that risk." *Shipp,* 9 F.4th at 703 (emphasis in the original). This level of mental culpability is "akin to criminal recklessness." *Id*. And a mere disagreement with the course of medical care does not rise to the level of a constitutional violation. *Langford*, 614 F.3d at 460; *Barr*, 909 F.3d at 921-22. Keeping these principles in mind, I will now discuss each of Plaintiff's allegations separately.

### 1.    Covid-19

Plaintiff says Defendant Baiza failed to provide her with adequate medical care for Covid-19 in November and December of 2020. (Docs. 78, 79.) On October 19, 2020 Plaintiff, who is asthmatic, tested positive for Covid-19. (Docs. 73; 73-1; 73-2; 73-3; 73-4.) On October 21, 2020, a non-party nurse examined Plaintiff, noted she did not have a temperature or breathing difficulties, ordered a decongestant, and instructed Plaintiff to go to Covid-19 wellness checks. (*Id*.) During the next month, Plaintiff received nine Covid-19 wellness checks by non-party nurses. (*Id*.) Plaintiff did not have a fever, report any severe symptoms, or have any medically significant oxygen saturation readings. (*Id*.)

Nothing about this undisputed course of medical treatment suggests deliberate indifference. *See Fourte v. Faulkner Cnty.*, 746 F.3d 384, 390 (8th Cir. 2014) (no deliberate indifference when medical providers "made efforts to cure the problem in a reasonable and sensible manner"); *Logan v. Clarke*, 119 F.3d 647, 649-50 (8th Cir. 1997) (prison doctors were not deliberately indifferent when they treated the prisoner on "numerous occasions" and "made efforts to cure the problem in a reasonable and sensible manner"). And Dr. Thomas Braswell, who is a family practice and emergency medicine physician, declares in his affidavit that Plaintiff received medically appropriate care for Covid-19. (Doc. 73-4.) "In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that he did not feel he received adequate treatment." *Cejvanovic v. Ludwick*, 923 F.3d 503, 508 (8th Cir. 2019). Plaintiff has not presented any evidence contradicting Dr. Braswell's medical opinion.

More importantly, it does not appear Defendant Baiza was personally involved in the medical care Plaintiff received from non-party nurses for Covid-19. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Although Defendants overlook it, it appears Plaintiff is alleging Health Services Administrator Baiza failed to take corrective action after receiving Plaintiff's December 25, 2020 Inmate Request Form saying she had not received Singulair and Mucinex to treat Covid-19. (Doc. 20 at 130.) Defendant Baiza's December 28, 2020 response to the Form says Singulair had not been ordered by a medical provider, Plaintiff's Mucinex prescription had expired, and Plaintiff had acetaminophen and naproxen for pain. (*Id.*) Supervisors, such as Defendant Baiza, can be held liable in a § 1983 action if they had actual knowledge a prisoner was receiving

inadequate medical care and failed to take corrective action. *See Williams v. York,* 891 F.3d 701, 707 (8th Cir. 2018); *Langford v. Norris,* 614 F.3d 445, 460-62 (8th Cir. 2010). But nothing suggests Plaintiff was receiving inadequate medical care for Covid-19. *See Sims v. Lay,* Case No. 05-2136, 2007 WL 328769 (8th Cir. Feb. 2, 2007) (unpublished decision) (a corrective inaction claim fails, as a matter of law, when there is no evidence of an underlying constitutional violation to correct). Although Plaintiff may have wanted specific medications to treat Covid-19, she was not constitutionally entitled to receive the care of her choosing. *See Barr v. Pearson*, 909 F.3d 919, 921-22 (8th Cir. 2019). And, Defendant Baiza's response to one Inmate Request Form is not enough to establish corrective inaction. *See Parrish v. Ball,* 594 F.3d 993, 1002 (8th Cir. 2010) (supervisors can be held liable if they "[r]eceive notice of a pattern of unconstitutional acts committed by subordinates" but "[f]ailed to take sufficient remedial action"). Because there is no evidence from which a jury could find Defendant Baiza was deliberately indifferent to Plaintiff's need for Covid-19 treatment, I find she is entitled to summary judgment on this claim.

**2.    Asthma**

Plaintiff says Defendant Baiza failed to provide her with adequate medical care for asthma in November and December 2020. (Docs. 78, 79.) Dr. Braswell says in his affidavit that Plaintiff's asthma was appropriately treated with Xopenex and prednisone and there is no indication she had asthmatic flare-ups. (Doc. 73-4.) Plaintiff has not presented any contrary evidence. And, as stated above, there is no indication Defendant Baiza treated Plaintiff's asthma. Instead, it appears Plaintiff is alleging she failed to take corrective action.

In the December 25, 2020 Inmate Request Form, Plaintiff said she needed "a change in my asthma pump." (Doc. 20 at 130.) Defendant Baiza's response said Plaintiff had a Xopenex rescue inhaler and that she should discuss the matter with health care providers during her next visit to

the chronic care unit.  (*Id.*)  Nothing about this response suggests corrective inaction.  Finally, Dr.

Braswell states in his affidavit (Doc. 73-4) that Plaintiff's asthma was appropriately treated, and

Plaintiff has not offered any contrary evidence.  Thus, it does not appear there was no inadequate

medical care for Defendant Baiza to correct.  *See Sims,* 2007 WL 328769.  Accordingly, I also find

Defendant Baiza is entitled to summary judgment on this claim.

### 3.      High Blood Pressure

Plaintiff filed several grievances alleging Defendant Baiza did not give her amlodipine to

treat her blood pressure during January 16, 2021 pill call.  (Doc. 20 at 29-31, 72.)  But it appears

from those forms that a non-party officer gave Plaintiff her blood pressure medication later that

day.  (*Id.* at 31, 72.)  To avoid summary judgment, a prisoner must "place verifying medical

evidence in the record to establish the detrimental effect of the alleged delay in medical treatment."

*Redmond v. Kosinski,* 999 F.3d 1116 (8th Cir. 2021); *Jackson v. Riebold,* 815 F.3d 1114, 1119

(8th Cir. 2016).  Plaintiff has not done so.

Plaintiff also says Defendant Baiza failed to provide her with adequate medical care for

high blood pressure in November and December of 2020.  (Doc. 79.)  But Plaintiff does not explain

how she allegedly failed to do so during this time period.  And  Dr. Braswell says in his affidavit

that, based on the medical records, Plaintiff's blood pressure has been adequately monitored and

controlled.  (Doc. 73-4.)  Because Plaintiff has not offered any contrary evidence, I conclude

Defendant Baiza is also entitled to summary judgment on this claim.

## IV.    CONDITIONS OF CONFINEMENT CLAIM

Plaintiff says Defendants Baiza and Garoutte subjected her to unconstitutional conditions

of confinement when they failed to take adequate Covid-19 precautions.   Because the

"Constitution does not mandate comfortable prisons," only "extreme deprivations" that deny "the

minimal civilized measure of life's necessities are sufficiently grave to form the basis" of an Eighth

Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Rhodes v. Chapman*, 452 U.S.

337, 349 (1981).  To proceed to trial on her Eighth Amendment conditions of confinement claim,

Plaintiff must have evidence suggesting: (1) objectively, the conditions she endured constituted a

substantial risk of serious harm to her health or safety; and (2) subjectively, Defendants Baiza and

Garoutte were aware of, but  deliberately indifferent to, the risk of harm posed by those conditions.

*See Hamner v. Burls,* 937 F.3d 1171, 1178 (8th Cir. 2019).   As previously stated, deliberate

indifference is "a stringent standard of fault" requiring "proof of a reckless disregard of the known

risk."  *Doe v. Flaherty*, 623 F.3d 577, 584 (8th Cir. 2010); *Scott v. Baldwin*, 720 F.3d 1034, 1036

(8th Cir. 2013).

Plaintiff says that on January 16, 2021, Defendant Baiza pulled her mask down below her

mouth when talking to her about her blood pressure medications.  (Doc. 20 at 29-31, 169-170,

214.)  In contrast, Defendant Baiza says in her affidavit that she properly wore a mask at all times

when interacting with prisoners.  (Doc. 73-7.)  This factual dispute is immaterial because Plaintiff

has not presented any evidence suggesting she was actually harmed by Defendant Baiza's alleged

behavior on January 16, 2021.  *See Alberson v. Norris*, 458 F.3d 762, 765–66 (8th Cir. 2006)

("Where the complaint involves treatment of a prisoner's sophisticated medical condition, expert

testimony is required to show proof of causation); *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir.

2006) ("An inmate must prove that officials knew about excessive risks to his health but

disregarded them" and that "their unconstitutional actions in fact caused his injuries") (internal

citation omitted).

As previously mentioned, it is undisputed Plaintiff tested positive for Covid-19 on October

19, 2020.  There is no evidence she tested positive again after her January 16, 2021 encounter with

Defendant Baiza.  Thus, I conclude Defendant Baiza is entitled to summary judgment on this claim.

Plaintiff also says Defendant Garoutte subjected her to a substantial risk of harm when she returned to work while still having unspecified Covid-19 symptoms and had "close contact" with her. (Doc. 20 at 221; Doc. 79 at 1.)  In her affidavit, Defendant Garoutte says sometime in "October 2020" she tested positive for Covid-19, she did not return to work until she completed fourteen days in quarantine, and she wore a mask as well as other protective gear when interacting with patients at the McPherson Unit.  (Doc. 73-8.)  Defendant Garoutte does not say if this occurred before or after Plaintiff tested positive on October 19, 2020.  Nevertheless, even if I presume this happened before then, Plaintiff has not rebutted Defendant Garoutte's assertion that she completed fourteen days of quarantine prior to her return, which was what the CDC required at that time.[2] Nothing about that unrebutted assertion suggests deliberate indifference.  Further, Plaintiff has not explained how often she came into contact with Defendant Garoutte when she was not allegedly wearing her mask, how close that contact was, or the duration of the contact.  Thus, her assertion that Defendant Garoutte subjected her to a substantial risk of harm is too speculative to survive summary judgment and proceed to trial.  *See Lenz v. Wade*, 490 F.3d 991, 996 (8th Cir. 2007) ("neither unsupported conjecture nor negligence regarding a substantial risk of serious harm" is sufficient to establish deliberate indifference); *Schaub v. VonWald*, 638 F.3d 905, 921 (8th Cir. 2011) (a court may dismiss a claim "where the casual link" between the defendant's alleged conduct and the prisoner's injury "is so tenuous as to justify taking it from the trier of fact").  And, the occasional failure to wear a mask would be negligence, or at most gross negligence, which is

---

[2] On December 2, 2020, the CDC shortened the recommended quarantine time from fourteen to ten days.  *See* Colin, Dwyer, NPR, *CDC Shortens its COVID-19 Quarantine Recommendations* (Dec. 2, 2020*)*, https://www.npr.org/2020/12/02/941355347/cdc-shortens-its-covid-19-quarantine-recommendations.

not sufficient to sustain a constitutional claim.  *See Patterson v. Kelley*, 902 F.3d 845, 852 (8th Cir. 2018).   For these reasons, I conclude Defendant Garoutte is also entitled to summary judgment.

V.      **CONCLUSION**

IT IS, THEREFORE, ORDERED that:

1.       Defendants' Motion for Summary Judgment (Doc. 71) is GRANTED, Plaintiff's imbedded request for summary judgment (Doc. 78) is DENIED, Plaintiff's claims against Defendants Baiza and Garoutte are DISMISSED with prejudice, and this case is CLOSED.

2.       I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

DATED this 27th day of April 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE